ARNOLD & PORTER LLP
James S. Blackburn (SBN 169134)
james.blackburn@aporter.com
Ryan M. Nishimoto (SBN 235208)
ryan.nishimoto@aporter.com
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
+1 213.243.4000 (telephone)
+1 213.243.4199 (facsimile)

*Attorneys for CityGrid Media, LLC*

STITES AND HARBISON PLLC
Joel T. Beres (SBN 125890)
jberes@stites.com
400 W. Market Street, Suite 1800
Louisville, Kentucky 40202-3352
+1 502.587.3400 (telephone)
+1 502.779.8335 (facsimile)

*Attorneys for Hello Network, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLO NETWORK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITYGRID MEDIA, LLC, <br><br> Defendant. | Case No. 2:14-cv-04301-SJO-E <br><br> **STIPULATED PROTECTIVE ORDER** |

35104724v2

1. <u>PURPOSES AND LIMITATIONS</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; this Court's Initial Standing Order (Dkt. No. 17) and Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: All information, in whatever form, including but not limited to oral, written, documentary, tangible, intangible, electronic, or digitized, that: (a) is protected as a trade secret, including information that includes a formula, pattern, compilation, program, device, method, technique, or process that a party uses in its business and which gives that party an opportunity to obtain an advantage over competitors who do not know or use the information; or (b) is otherwise regarded by a party as being confidential, private, or proprietary in nature, including for example, personal and private information regarding individuals such as personnel records. As illustrative examples only, the parties anticipate that the following descriptive categories will be designated as

1  "Confidential" under this Order, including, but not limited to, employee records and
2  information, customer lists, confidential financial information of the parties,
3  including profit margins, sales data, and retail sales summaries, vendor lists, order
4  summaries, confidential contracts, and proprietary product specifications and design
5  plans.

6        2.3      <u>Counsel (without qualifier)</u>: Outside Counsel and House
7  Counsel (as well as their support staff).

8        2.4      <u>Designated House Counsel</u>: House Counsel who seek access to
9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this
10 matter. Each Party may designate up to two (2) House Counsel as Designated House
11 Counsel.

12       2.5      <u>Designating Party</u>: A Party or Non-Party that designates
13 information or items that it produces in disclosures or in responses to discovery as
14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
15 ONLY."

16       2.6      <u>Disclosure or Discovery Material</u>: All items or information,
17 regardless of the medium or manner in which it is generated, stored, or maintained
18 (including, among other things, testimony, transcripts, and tangible things), that are
19 produced or generated in disclosures or responses to discovery in this matter.

20       2.7      <u>Expert</u>: A person with specialized knowledge or experience in
21 a matter pertinent to the litigation who (1) has been retained by a Party or its counsel
22 to serve as an expert witness or as a consultant in this action, (2) is not a past or
23 current employee of a Party or of a Party's competitor, and (3) at the time of
24 retention, is not anticipated to become an employee of a Party or of a Party's
25 competitor.

26       2.8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
27 <u>Information or Items</u>: Extremely sensitive "Confidential Information or Items,"
28

disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  2.9 House Counsel: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

  2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  2.11 Outside Counsel: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action or are affiliated with a law firm which has appeared on behalf of that party.

  2.12 Party: Any party to this action, including all of its officers, directors, and employees.

  2.13 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

  2.14 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.15 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  2.16 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

  3. SCOPE. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

    4. <u>DURATION</u>. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    5. <u>DESIGNATING PROTECTED MATERIAL</u>.

     5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

5.2.1     **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must

1 affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2 ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If
3 only a portion or portions of the material on a page qualifies for protection, the
4 Producing Party also must clearly identify the protected portion(s) (e.g., by making
5 appropriate markings in the margins) and must specify, for each portion, the level of
6 protection being asserted.

    5.2.2 <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript

contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        5.2.3    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation shall follow the procedures relating to the meet and confer process set forth in this Court's Initial Standing Order (Dkt. No. 17) and Civil Local Rule 37.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging a confidentiality designation pursuant to this Court's Initial Standing Order (Dkt. No. 17) and Civil Local Rule 37.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

       7.2.1     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

       7.2.2     designated House Counsel of the Receiving Party;

       7.2.3     experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4.2, below, have been followed;

       7.2.4     the Court and its personnel;

       7.2.5     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

       7.2.6     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

       7.3     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       7.3.1     all persons to whom information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed pursuant to Section 7.2 of this Protective Order; and

       7.3.2     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation. It is not necessary that each such person sign Exhibit A to this Order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this Order, its terms, and the consequences of an unauthorized disclosure.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

7.4.1 Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) identifies any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

7.4.2 A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7.4.3 A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    8.1    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    8.2    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    8.3    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

    9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        9.2.1    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        9.2.2    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        9.2.3    make the information requested available for inspection by the Non-Party.

        9.2.4    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the

1  Non-Party shall bear the burden and expense of seeking protection in this Court of its
2  Protected Material.
3        10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If
4  a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
5  Material to any person or in any circumstance not authorized under this Stipulated
6  Protective Order, the Receiving Party must immediately (a) notify in writing the
7  Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve
8  all unauthorized copies of the Protected Material, (c) inform the person or persons to
9  whom unauthorized disclosures were made of all the terms of this Order, and
10 (d) request such person or persons to execute the "Acknowledgment and Agreement
11 to Be Bound" that is attached hereto as Exhibit A.
12       11.    FILING PROTECTED MATERIAL. Without written permission from
13 the Designating Party or a court order secured after appropriate notice to all interested
14 persons, a Party may not file in the public record in this action any Protected
15 Material. A Party that seeks to file under seal any Protected Material must comply
16 with this Court's Initial Standing Order (Dkt. No. 17) and Civil Local Rule 79-5.
17 Protected Material may only be filed under seal pursuant to a court order authorizing
18 the sealing of the specific Protected Material at issue. Any legal paper, document or
19 thing filed with the clerk of the Court that contains any information designated as
20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY" shall be stamped or marked "CONFIDENTIAL" or "HIGHLY
22 CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be filed under seal with
23 a cover sheet bearing the caption of this action and containing the following notice:

           **CONFIDENTIAL -- SEALED BY ORDER OF THE COURT.**
           **FILED PURSUANT TO COURT ORDER TO BE OPENED**
                 **ONLY AS DIRECTED BY THE COURT**

27       12.    FINAL DISPOSITION. Within 60 days after the final disposition of this
28 action, as defined in Section 4, each Receiving Party must return all Protected

Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[*SIGNATURE PAGE FOLLOWS*]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 10, 2015

Dated: March 10, 2015

/s/Joel T. Beres
Joel T. Beres (SBN 125890)
jberes@stites.com
STITES AND HARBISON PLLC 400
W. Market Street, Suite 1800
Louisville, Kentucky 40202-3352
+1 502.587.3400 (telephone)
+1 502.779.8335 (facsimile)

*Attorneys for Hello Network, Inc.*

James S. Blackburn (SBN 169134)
james.blackburn@aporter.com
Ryan M. Nishimoto (SBN 235208)
ryan.nishimoto@aporter.com
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
+1 213.243.4000 (telephone)
+1 213.243.4199 (facsimile)

*Attorneys for CityGrid Media, LLC*

IT IS SO ORDERED.

DATED: 3/10/15

Hon. ~~S. James Otero~~ Charles F. Eick
United States ~~District Judge~~ Magistrate Judge